**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM SEVERINO III, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 07-546 (JLL) |
| SAYREVILLE POLICE DEPT., et al, | : **OPINION** |
| Defendants. | : |

**LINARES**, District Judge.

Plaintiff *pro se*, William Severino III, seeks to bring an appeal before the Court of Appeals for the Third Circuit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Upon review of Plaintiff's affidavit of indigence and the letter submitted by Defendants, the Court denies Plaintiff's application to proceed *in forma pauperis* without prejudice.

### BACKGROUND

On September 20, 2005, Plaintiff William Severino III ("Severino"), *pro se*, filed a complaint against Defendants Sayreville Police Department and Officer Steven Gulick in the Superior Court of New Jersey, Law Division, Middlesex County. On October 6, 2005, the Superior Court granted Plaintiff leave to file an amended complaint to add defendants Officers Connors, Gaines, Lestuck, Blazas, Danku, and Calise as well as Sergeants J. Sprague and Zebrowski, alleging violations of his constitutional rights under both the United States and New Jersey Constitutions pursuant to 42 U.S.C. §§ 1983, 1985.

On February 1, 2007, Defendants removed this action to federal court and the parties

1

proceeded with discovery. Magistrate Judge Claire C. Cecchi required all depositions to be transcribed by a court reporter pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure. On January 29, 2008, Plaintiff filed a motion for reconsideration before Judge Cecchi on this issue, which she denied. On March 6, 2008, Plaintiff appealed Judge Cecchi's decision to the Third Circuit and a filed concurrent application to proceed *in forma pauperis* (the "Application").

## DISCUSSION

A Court may grant pauper status to "a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In said affidavit, the applicant must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Id.

According to Severino's Application, Plaintiff works for Raritan Bay Contracting ("Raritan Bay") and his wages are approximately $22.00 per hour. (Application, ¶ 2(a).) The application merely states that he works "Thursday to Wednesday." (Id.) Plaintiff does not include a detailed list of his hours or a financial statement of his wages over the previous year.

In Defendants' April 2, 2008 letter to the Court, they submitted an excerpt of Severino's deposition testimony in which he states that in addition to working at Raritan Bay, he also works as a tattoo artist. In the latter position, he averages one tattoo per week in a given year. (Def. Letter, Ex. A, 35:18-35:20.) Plaintiff commands a fee of $65.00 per hour for a black and white tattoo and $100.00 per hour if the tattoo contains color. (Id. at 35:23-36:1.) It takes Plaintiff approximately two (2) hours to complete a "normal" size tattoo, but some of the tattoos he

creates are smaller and some larger. (Id. at 36:13-36:20.) In spite of this testimony, in answering Question 3(a) on the *in forma pauperis* application – "In the past 12 twelve months have you received any money from . . . [b]usiness, profession or other self-employment," Plaintiff answered "no" (Application, ¶ 3(a)), and makes no mention of this work anywhere else in the Application. Furthermore, in response to the question regarding whether Plaintiff owns "any thing of value," he states only that he makes a monthly payment of $165.00 on a 1996 Jeep Cherokee Laredo (Application, ¶ 5). In his deposition, however, Plaintiff submitted that he owns all of his own tattooing equipment. (Def. Letter, Ex. A, 36:2-36:7.)

Plaintiff does not include either a statement of his assets or a statement of his monthly income versus his monthly expenses with the Application. Plaintiff avers that his disabled girlfriend Christy Kenny and his "stepdaughter" Paula Ann Bielecki[1] are dependent upon him, but he does not submit a statement of how much he expends to support them.

In addition, Plaintiff's affidavit does not include a statement of the nature of his appeal pursuant to 28 U.S.C. § 1915(a).

And while Plaintiff's assertion that he does not possess any cash or maintain a checking or savings account may be an indication of his indigence, the Court finds (1) the disparities between Plaintiff's Application and his deposition testimony difficult to reconcile in assessing the Application and (2) that it does not have sufficient evidence before it to determine whether Plaintiff merits a determination of pauper status. Therefore, the Court denies Plaintiff's application without prejudice.

---

[1] Defendants submitted deposition testimony by Plaintiff in which he testified that he is not currently and never has been married. (Def. Letter, Ex. A, 60:25-61:3.) Consequently, Miss Bielecki cannot be Plaintiff's stepdaughter legally.

## CONCLUSION

For the reasons state above, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice. An appropriate order accompanies this Opinion.

Date:   April 9, 2008

Jose L. Linares
United States District Judge