**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM F. SEVERINO, III, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 07-546 (JLL) |
| | : | |
| SAYREVILLE POLICE DEPARTMENT, | : | **OPINION** |
| et al., | : | |
| | : | |
| Defendants. | : | |

**LINARES**, District Judge.

Plaintiff brings the present action asserting violations of state and federal law against the following entity and individuals: Sayreville Police Department, Ptl. Steven Gulick ("Gulick"), Ptl. Kevin Connors ("Connors"), Sgt. John Zebrowski ("Zebrowski"), Sgt. Jeffrey Sprague ("Sprague"), Officer Michael Gaines ("Gaines"), Ptl. Lestuck, Ptl. M. Blazas[1], Ptl. Danku, Ptl. Calise, and John and Jane Doe. Pending before this Court is a motion by Defendants Sprague, Gaines, and Zebrowski (collectively, "Moving Defendants") to dismiss Plaintiff's state-law claims for failure to file a Notice of Claim in accordance with the procedure set forth by the New Jersey Tort Claims Act. Having considered the written submissions of all parties, the Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Moving Defendants' motion is **GRANTED**.

---

[1] Claims against Defendant Blazas were voluntarily dismissed on December 4, 2007. (Docket Entry No. 22.)

1

I.      **Factual and Procedural History**

On September 20, 2005, Plaintiff filed a complaint in the Superior Court of New Jersey, Middlesex Vicinage.  The original complaint alleged false imprisonment, false arrest, negligence, and violations of state and federal constitutional law against two defendants – Gulick and the Sayreville Police Department.  Then, on November 13, 2006, Plaintiff filed an Amended Complaint, in which he added several new defendants, including Sprague, Gaines, and Zebrowski.  On February 7, 2007, all defendants removed the case pursuant to federal question jurisdiction, 42 U.S.C. § 1331.  Then, on March 6, 2007, Moving Defendants filed an Answer, in which they asserted various affirmative defenses including Plaintiff's failure to file a notice of claim under the TCA.  On July 1, 2008, Moving Defendants filed the present motion to dismiss. Plaintiff responded on July 18, 2008, and Moving Defendants filed a short reply on July 24, 2008.

II.     **Legal Standard**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[2]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

---

[2] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  In this case, Moving Defendants attach documents that are referenced by Plaintiff in his complaint.  Additionally, Plaintiff attaches two documents that he relied upon for legal help in filing his complaint.  Because Moving Defendants attach documents relied upon in the complaint and because Moving Defendants do not object to the two exhibits attached by Plaintiff, the court allows them without converting the motion into one for summary judgment.  "[A] trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss."  Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002).

abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally.  Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519 (1972).  With this framework in mind, the Court turns now to Moving Defendants' motion.

## III.   Analysis

### A.   New Jersey Tort Claims Act

The New Jersey Tort Claims Act (the "TCA") provides as follows: "[n]o action shall be brought against a public entity or public employee under this Act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. 59:8–3.  Prior to filing a complaint, a plaintiff is obligated to submit a notice of claim to

3

the public entity within ninety days of the claim's accrual. N.J.S.A. 59:8-8. The notice of claim

must include: (a) the name and post office address of the claimant; (b) the post office address to

which the person presenting the claim desires notices to be sent; (c) the date, place, and other

circumstances of the occurrence or transaction which gave rise to the claim asserted; (d) a general

description of the injury, damage or loss incurred so far as it may be known at the time of

presentation of the claim; (e) the name or names of the public entity, employee or employees

causing the injury, damage or loss, if known; and (f) the amount claimed as of the date of

presentation of the claim, including an estimate of any prospective injury or damage and the basis

of computation of the amount claimed. N.J.S.A. 59:8-4. If a plaintiff fails to file a notice of

claim within the 90-day time limit, he or she can apply to the Superior Court for permission to

file the notice of claim within one year of the claim's accrual. N.J.S.A. 59:8-9. Permission to

file this late notice of claim shall be given for "extraordinary circumstances." Id.

In 1992, the New Jersey Supreme Court, in Chatman v. Hall, 128 N.J. 394, 608 A.2d 263

(1992), found that the TCA's notice provisions did not apply to actions against public employees

but rather only applied to claims against public entities. Subsequent to that decision, the New

Jersey Legislature amended the TCA in 1994 to specifically bar recovery against a public

employee if a plaintiff fails to satisfy the notice requirement. N.J.S.A. 59:8-8; Velez v. City of

Jersey City, 180 N.J. 284, 291, 850 A.2d 1238, 1242-43 (2004). Thus, the TCA's notice

requirements now apply equally to actions against public entities and public employees.

However, a plaintiff is not obligated to provide actual notice to each public employee against

whom a claim has accrued. Rather, pursuant to N.J.S.A. 59:8-10(c), "[s]ervice of the notice

required by this chapter upon the public entity shall constitute constructive service upon any

4

employee of that entity."

After noting the extension of the TCA's notice requirement to public employees, the New Jersey Supreme Court, in <u>Velez,</u> took on the question of whether the notice requirement applied to intentional conduct. <u>Velez</u>, 180 N.J. at 292. Thus, the Court sought to decide a split between lower courts as to whether the provisions of <u>N.J.S.A.</u> 59:3-14, withdrawing immunity for a public employee who engaged in conduct that constituted "a crime, actual fraud, actual malic, or willful misconduct" overrode the notice provisions in the rest of the TCA. After parsing through the legislative history of the statute, the prior caselaw, and the text of the TCA, the New Jersey Supreme Court ruled that the TCA's notice requirements were not intended to apply solely to actions for negligence, but rather apply equally to intentional torts. <u>Id</u>. at 294-96. However, finding that the decision had created a new rule of law, the Court gave its decision prospective application. <u>Id</u>. at 297.

Following <u>Velez</u>, a plaintiff is required to provide a notice of claim to the relevant public entity upon accrual of all tort claims – including intentional torts – against public entities and public employees. The TCA is silent as to the date on which a claim accrues, saying simply: "Accrual shall mean the date on which the claim accrued and shall not be affected by the notice provisions herein." <u>N.J.S.A.</u> 59:8-1. Accrual, therefore, is not meant to interfere with existing statutes of limitations and is intended to be defined in according with existing law. 1972 Task Force Comment to <u>N.J.S.A.</u> 59:8-1 at 179 (Gann 2008). Generally speaking, a cause of action accrues "when any wrongful act or omission resulting in any injury, however slight, for which the law provides a remedy, occurs." <u>Beauchamp v. Amedio</u>, 164 N.J. 111, 116-17, 751 A.2d 1047(2002)(internal citations omitted).

5

Finally, the failure to file a timely notice of claim – especially if one year has passed since the claim's accrual – generally mandates dismissal of the suit. However, two general exceptions apply. First, the notice of claim requirement does not apply to (1) statutory causes of action that contain specific procedural requirements and greater damage allowances than available at common law, Velez, 180 N.J. at 296; Fuchilla v. Layman, 109 N.J. 319, 332-38, 537 A.2d 652 (1988); and (2) claims that assert state or federal constitutional rights, Velez, 180 N.J. at 296; Greenway Dev. Co. v. Borough of Paramus, 163 N.J. 546, 557-58, 750 A.2d 764 (2000). Next, it is well-settled that the TCA notice requirements are subject to application of principles of equitable estoppel. Marley v. Palmyra, 473 A.2d 554, 569 (N.J. Super. Ct. Law Div. 1983). Thus, "where the interests of justice, morality and common fairness dictate", a public entity will be estopped from raising the affirmative defense of non-compliance with the TCA's notice requirements. Hill v. Middletown Bd. of Ed., 443 A.2d 225, 228 (N.J. Super. Ct. App. Div. 1982).

Having set forth the law with regard to the TCA and its applicable notice of claim requirement, the Court proceeds to an analysis of Moving Defendants' motion to dismiss.

**B.**     **State-Law Claims Against Moving Defendants**

Moving Defendants assert that each state-law cause of action is barred by Plaintiff's failure to file a timely notice of claim. Plaintiff does not dispute that he never filed a notice of claim as to any of the state-law counts alleged against Sprague, Gaines, and Zebrowski. The Court evaluates the motion with respect to each claim asserted.

**1.     False Imprisonment**

A claim for false imprisonment accrues at the time of unlawful detention. Bauer v.

6

Borough of Cliffside Park, 541 A.2d 719, 723 (N.J. Super. Ct. App. Div. 1988).  In this case,
Plaintiff's incarceration began on Oct. 2, 2004 (Compl. ¶ 20.)  Plaintiff claims that he spent 27
days in the county jail before he posted bail.  (Id. ¶ 21.)  Then, on Nov. 18, 2004, the charges
were dismissed.  (Id. ¶ 22.)  He now brings a false imprisonment allegation, claiming that
Defendant Gulick put together a false affidavit charging Plaintiff with "simple assault and
criminal mischief".  (Id. ¶ 16-22.)  Using this false affidavit, Gulick persuaded the municipal
court judge to place Plaintiff in jail.  (Id. ¶ 19.)  Along with Gulick, Plaintiff alleges that
Defendants Gaines, Sprague, and Zebrowski conspired to "fabricate the reasons of probable
cause to insure [sic] the arrest of the Plaintiff."  (Id. ¶ 30.)  Thus, Plaintiff's conspiracy claim
against the Moving Defendants accrued at the same time as the underlying false imprisonment
claim.

Plaintiff filed his Amended Complaint on Nov. 13, 2006, at which time he added the
allegations against the Moving Defendants.  However, until that point, nearly two years after the
claim accrued, he had not filed a notice of claim.  Even if he had simply provided notice to the
Sayreville Police Department, that would have been sufficient to provide constructive notice.
N.J.S.A. 59:8-10(c).  Having failed to provide the required notice, the Court is forced to dismiss
the state-law claim for conspiracy to commit false arrest and false imprisonment, as outlined in
Count 3 of the Complaint, against each of the Moving Defendants.

### 2.    Malicious Prosecution

Plaintiff also brings a claim of malicious prosecution against Defendant Gulick and a
similar claim of conspiracy to commit malicious prosecution against Defendants Gulick, Gaines,
Sprague, and Zebrowski.  (Am. Compl. ¶ 29-31.)  An action for malicious prosecution accrues

upon the favorable termination of a criminal proceeding. <u>Shontz v. Cumberland Cty.</u>, 2008 WL

2329928, at *4 (N.J. Super. Ct. App. Div. June 9, 2008)(unpublished). Thus, Plaintiff's

conspiracy claim for malicious prosecution accrued on November 18, 2004, the date on which

the simple assault and criminal mischief claims were dismissed. By November 18, 2005,

Plaintiff had run out of time to file a notice of claim under the TCA's 90-day and one-year

provisions. Thus, the motion to dismiss is granted as to this claim.

### 3.    Negligence

Finally, Plaintiff alleges in Count 9 that "[f]rom 2005 until this date all listed defendants

refused to file charges as outlined in the DVA [Domestic Violence Act]." (Compl. ¶ 72.) And in

Count 10, he alleges that "every time the plaintiff called the police to file a domestic violence

complaint they refused to do." (<u>Id</u>. ¶ 77.) Plaintiff does not supply the factual basis for each and

every allegation of negligence alluded to in Counts 9 and 10, but Moving Defendants aver that

Plaintiff is referring to a September 20, 2005 incident in which Gaines did not fill out a domestic

violence complaint. (Moving Br., Connor Cert., ¶ 5.) At the end of the day, given that Plaintiff

has never filed a notice of claim with respect to these allegations of negligence, the specific

September 20, 2005 incident does not really matter. Even if Plaintiff is referring to another

unspecified claim of negligence that occurred at another time in 2005 or 2006, those claims

would also be barred by the failure to file any notice of claim. Thus, the claims of negligence

against Gaines, Sprague, and Zebrowski – to the extent that they are asserted – are dismissed for

failure to comply with the notice provisions of the TCA.

### C.    Plaintiff's Arguments in Opposition

While Plaintiff does not dispute that he failed to file a notice of claim with respect to the

above-referenced allegations, he raises three arguments in opposition – first, that he relied upon guidance given by the Superior Court of New Jersey's *pro se* guide; second, that the TCA notice requirements do not apply to the intentional torts at issue in this litigation; and third, that Moving Defendants are equitably estopped from bringing the present motion.  Each argument lacks merit.

    1.      **Public Employee versus Public Entity**

Plaintiff submits two exhibits in support of his opposition, each of which is a *pro se* help guide.  (Opp. Br., Exhs. 1, 2.)  The first is printed by the "Prisoners Self Help Legal Clinic" and contains a section entitled "How to file a tort claim against a public entity".  Within that section, the guide provides the following advice:

> If the claim for damages to person or property is against an individual employee, rather than a public entity, the procedural requirements of the New Jersey Tort Claims Act do not apply.  This includes Tort Claims Notice requirements and time limits.  This applies even if a claim is also being brought against the public entity at the same time.

(Opp. Br., Exh. 1 at 4.)  The second exhibit is a guide that Plaintiff claims to have received from the Middlesex County Superior Court.  It, too, contains identical language regarding the difference under the TCA between employees and entities.  (Opp. Br., Exh. 2 at 3.)

  The Court has not inquired into the authenticity of the attached documents.  Rather, assuming *arguendo* that Plaintiff did rely upon an authentic document of the type that he attaches to his opposition, his claims would still be barred by the failure to file a notice of claim under the TCA.  The fact of the matter is that the above-quoted language is a misstatement of law.  Following the 1994 Amendment to the TCA, the public employee distinction – as outlined by the <u>Chatman</u> decision – disappeared.  Even though Plaintiff is *pro se*, the Court cannot relax strict procedural rules because of inaccurate legal guidance.  Thus, to the extent Plaintiff bases his

objection to the present motion upon his reliance on attached *pro se* help guides, that objection is denied.

### 2.     Intentional Torts

Next, Plaintiff references N.J.S.A. 59:8-14, which provides as follows: "Nothing in this act [TCA] shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:8-14(a).  Plaintiff appears to argue that this section of the TCA overrides the notice requirement of N.J.S.A. 59:8-8.  This argument, however, is foreclosed by the New Jersey Supreme Court's decision in Velez v. City of Jersey City, 180 N.J. 284, 292-95, 850 A.2d 1238, 1243-45 (2004).  While the Velez decision applied prospectively rather than retroactively, Plaintiff's claims all accrued after its issuance.[3]  Thus, this argument lacks merit.

### 3.     Equitable Estoppel

Finally, Plaintiff raises the defense of equitable estoppel.  He argues that Moving Defendants have not previously raised the issue of non-compliance with the TCA's notice provisions, and their delay in bringing the present motion should suffice to preclude it.

Courts that have applied equitable estoppel principles to deny a motion to dismiss based on failure to file a notice of claim have analyzed a few factors, including: the amount of time that a defendant waited to file his motion to dismiss, whether defendant had ever asserted the defense prior to the motion to dismiss, and whether defendant had engaged in discovery and depositions such that a court could reasonably conclude that the notice-of-claim-defense had been waived.

---

[3] The Velez decision is dated June 29, 2004.  All of Plaintiff's claims accrued after that date.

Marley v. Borough of Palmyra, 473 A.2d 554, 569 (N.J. Super. Ct. Law Div. 1983). Thus, in

Marley, the court applied equitable estoppel in a situation where the defendant had waited 15

months after the filing of the complaint to raise the issue of failure to file a notice of claim. Id.

Moreover, the defendant continued to conduct depositions and complete discovery during the

interim period. Id. Thus, "the [defendant's failure to raise the notice issue as a defense until now

[15 months after filing of the complaint] created the objective impression that it was waiving the

notice requirement." Id. Finally, courts are more likely to apply the estoppel principle where

early notice of the motion by the defendant would have given plaintiff an opportunity to provide

a notice of claim – either within 90 days pursuant to N.J.S.A. 59:8-8, or within one year, if

allowed by the court, pursuant to N.J.S.A. 59:8-9. Anske v. Palisades Park, 354 A.2d 87, 91

(N.J. Super. Ct. App. Div. 1976) (applying doctrine of equitable estoppel to bar public entity

from asserting TCA's notice defense where defendant failed to plead the TCA as a defense and

waited to amend its answer until plaintiff had lost the opportunity to file a notice of claim); Hill

v. Board of Educ. of Middletown Tp., 443 A.2d 225, 228 (N.J. Super. Ct. App. Div. 1982).

     Here, all defendants removed the present matter to federal court on February 1, 2007,

after which the Moving Defendants filed an answer on March 6, 2007 (Docket Entry No. 5)

where they specifically asserted the affirmative defense of failure to file a notice of claim. Then,

on July 1, 2008, they filed the present motion. Even though Moving Defendants have proceeded

with discovery throughout this period, that fact does not raise the same red flag that it did in

Marley because Plaintiff has asserted additional constitutional claims in this case that would

require discovery even in the event that the present motion is granted. Thus, the fact that Moving

Defendants engaged in discovery does not create the objective impression that they had waived

the notice defense, especially when the defense is affirmatively noted in the March 6, 2007

Answer.  Finally, even if the notice-of-claim defense had been asserted earlier, Plaintiff would

not have had a chance to correct the procedural flaw.  The last event giving rise to state-law

claims against Sprague, Gaines, and Zebrowski occurred on September 20, 2005.  Given that the

Amended Complaint did not get filed until November 13, 2006, even an immediate motion to

dismiss would not have given Plaintiff the time to file a proper notice of claim.[4]

## IV.    Conclusion

For the reasons stated above, Moving Defendants' motion to dismiss Plaintiff's state-law

claims against them is **GRANTED.**[5]  An appropriate order accompanies this opinion.

Dated: December 18, 2008

José L. Linares, U.S.D.J.

---

[4] Note that the Court is only disallowing equitable estoppel as applied to the three defendants making the present motion – Gaines, Sprague, and Zebrowski.  Because other defendants have not joined in the present motion, the Court does not pass judgment on whether the principle of equitable estoppel prevents them from prevailing on an identical motion to dismiss.

[5] The Court only reads the Amended Complaint as asserting, against the Moving Defendants, the conspiracy to commit false imprisonment, false arrest, and malicious prosecution claims as well as the negligence claim for failing to file DVA complaints.  To the extent that Plaintiff is asserting other state-law causes of action, those too are dismissed as to Sprague, Gaines, and Zebrowski because Plaintiff has never provided a notice of claim for any allegations against any of those defendants.

12